IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HEALTHLAND, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| | § | |
| ATTENTUS BONHAM, LP D/B/A | § | |
| RED RIVER REGIONAL HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

## HEALTHLAND'S ORIGINAL COMPLAINT

Plaintiff Healthland, Inc. ("Healthland") files this Original Complaint complaining of defendant Attentus Bonham, LP d/b/a Red River Regional Hospital ("RRRH").

### I. PARTIES

1. Healthland is a Minnesota corporation with its principal place of business located at 625 South Lakeshore Drive, Glenwood, Minnesota 56334.

2. RRRH is a Texas limited partnership with its principal place of business located at 504 Lipscomb Street, Bonham, Texas 75418.

### II. JURISDICTION AND VENUE

3. The Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1332 because Healthland and, upon information and belief, the limited partners and general partner of RRRH are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The Court has jurisdiction over RRRH as a result of its purposeful availment of the forum state of Texas for business.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391.

### III.  FACTUAL BACKGROUND

6. <u>What is Healthland?</u> Healthland is a Minnesota-based company which provides rural hospitals and clinics with technology for creating and maintaining electronic health records or "EHR." Hospitals and clinics use EHR for management of patient information, treatment, billing, and financial modeling and accounting. Healthland licenses hospitals and clinics a product called Centriq® for their EHR needs.

7. <u>What is RRRH?</u> RRRH is a hospital located in Bonham, Texas, offering emergency, family, and surgical medicine to residents of Fannin County, Texas.

8. <u>The Agreement</u>. On or about June 29, 2012, Healthland and RRRH executed a Hardware Purchase and Centriq® Software License Agreement (the "Agreement") for RRRH's purchase of computer hardware from Healthland and a license for the use of Centriq®. The Agreement obligates RRRH to pay hardware, license, services, and maintenance fees, expenses, and a "final payment" (collectively, the "Fees"). In or about June 2013, Healthland implemented Centriq at RRRH.

9. It is not unusual for there to be issues with software implementations. Healthland's implementation of Centriq® at RRRH was no exception. Nonetheless, Healthland worked diligently with RRRH to address each and every issue with Centriq® in full compliance with the terms of the Agreement. In fact, Healthland often times went beyond its obligations under the Agreement to assist RRRH at its own significant expense.

10. <u>RRRH's Award for Centriq Implementation</u>. In October 2013, RRRH received the Rural Hospital Information Technology Award of Excellence from the Texas Organization of Rural and Community Hospitals in recognition of RRRH's successful implementation of Centriq and use of EHR technology. David Conejo, RRRH's CEO, recognized the critical role

Healthland played in the implementation of Centriq and TORCH's award. Conejo stated: "The strong support we have received from Healthland, our E.H.R. provider, was an important part of the success of this project." (*See* http://fannincountyleader.info/red-river-regional-hospital-honored-by-torch-for-it-achievement-p3491-101.htm.) Conejo wrote separately in an email to Healthland that the "award . . . can bring us both a little prestige."

11.     <u>Reimbursement from Medicare.</u> Medicare, the federal government's health insurance program, offers financial reimbursement to hospitals which successfully implement EHR systems. RRRH's eligibility for this reimbursement was a significant factor in its decision to implement Centriq®. In September 2014, Medicare certified RRRH as having successfully implemented Centriq® for its EHR and reimbursed RRRH $1,212,779.

12.     <u>Overdue Fees</u>. Despite Healthland's successful implementation of Centriq and its continuing performance under the Agreement, RRRH refuses to pay in full the Fees due and owing to Healthland consisting specifically of overdue maintenance and license fees (the "Overdue Fees"). Under the terms of the Agreement, Healthland has repeatedly given RRRH written notice of the Overdue Fees.

## IV.  CAUSES OF ACTION

### BREACH OF CONTRACT

13.     Healthland repeats and incorporates by reference paragraphs 1 through 12 above.

14.     Healthland and RRRH are parties to the Agreement.

15.     The Agreement constitutes a valid and enforceable contract.

16.     Healthland has performed under the terms of the Agreement.

17.     RRRH's refusal to pay the Overdue Fees constitutes a material breach of the Agreement which has resulted in damages to Healthland.

18. Healthland performed all conditions precedent prior to bringing this claim.

## ATTORNEYS' FEES

19. Healthland repeats and incorporates by reference paragraphs 1 through 18 above.

20. Healthland has been forced to place this matter in the hands of Gardere Wynne Sewell LLP for prosecution. Pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 and based on the Agreement, Healthland is entitled to and seeks to recover its reasonable and necessary attorneys' fees and costs of court incurred herein, at trial and through appeal, if any.

## V. DEMAND FOR JURY

21. Healthland demands a jury trial and tenders to the extent it has not already the appropriate fee with this pleading.

## VI. PRAYER FOR RELIEF

22. Healthland prays that RRRH be cited to appear and answer and that on final trial, Healthland have judgment against RRRH for:

23. Damages (including, without limitation, economic, actual, incidental, and consequential damages as outlined above) in a sum within the jurisdictional limits of this Court;

24. Pre-judgment and post-judgment interest thereon to the extent permitted by law;

25. Reasonable and necessary attorneys' fees and expenses as allowed by law;

26. Costs of suit; and

27. Such other and further relief, whether general or special, at law or in equity, to which Healthland may be justly entitled and which the Court deems appropriate.

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

By:   */s/ Craig B. Florence*
     Craig B. Florence
     State Bar No. 07158010
     cflorence@gardere.com
     Peter L. Loh
     State Bar No. 24036982
     ploh@gardere.com
     Sadie Butler
     State Bar No. 24085234
     1601 Elm Street, Suite 3000
     Dallas, Texas 75201
     Telephone:   (214) 999-3000
     Facsimile:   (214) 999-4667

**ATTORNEYS FOR PLAINTIFF HEALTHLAND, INC.**